IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV353-1-MU
3:03CR12

| | |
|---|---|
| WOODROW JAMAAL JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court for an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed August 22, 2007. For the reasons stated herein, Petitioner's Motion to Vacate is dismissed.

## PROCEDURAL HISTORY

On January 28, 2003, Petitioner was one of five individuals named in a six count Bill of Indictment. On February 23, 2004, a five count Superceding Bill of Indictment was filed charging Petitioner and four other individuals with violating 18 U.S.C. §§ 924(c), 1951, 2, 922(u), 922(l), and 924(m). On August 24, 2004, a Second Superceding Indictment was filed which included sentencing allegations. On December 3, 2004, after a trial by jury, Petitioner was convicted on all counts. On June 8, 2005, this Court sentenced Petitioner to seventy-seven months on counts one, four and five – all to run concurrently. This Court also sentenced Petitioner to sixty months imprisonment on count three to run concurrently and to 84 months imprisonment on count two to run consecutively. Petitioner directly appealed his sentence and

conviction to the United States Court of Appeals for the Fourth Circuit which affirmed his sentence and conviction on September 21, 2006. On August 22, 2007, Petitioner filed the instant timely Motion to Vacate, Set Aside, or Correct Sentence.

## ANALYSIS

### I. INITIAL REVIEW AUTHORITY

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether a petitioner is entitled to any relief on the claims set forth therein. In the event it is determined that a petitioner is not entitled to relief, the reviewing Court must dismiss the motion.

Following such directive, this Court has reviewed Petitioner's Motion to Vacate and the pertinent record evidence. As hereafter explained, such review clearly establishes that Petitioner is not entitled to any relief on his claims.

### II. TRIAL CLAIMS

In claims one through four in his Motion to Vacate,[1] Petitioner attacks the quality of the evidence and fact finding. For example, Petitioner alleges that he should not have been

---

[1] The Court notes that Petitioner did not raise these issues on appeal. As such they are procedurally barred. See Bousley v. United States, 523 U.S. 614, 621-22 (1998)(habeas review is an extraordinary remedy and will not be allowed to do service for an appeal). While he raises other ineffective assistance of counsel claims, Petitioner does not specifically assert that his appellate counsel was ineffective for failing to raise these issues on direct appeal. Consequently, Petitioner cannot establish cause to excuse his procedural default. To the extent Petitioner's allegations are construed as asserting an ineffective assistance of counsel claim for failure to raise these specific issues on appeal, such a claim would not excuse his procedural default because the claims fails for the reasons set for in the text of his order addressing these claims and therefore Petitioner, at a minimum, cannot establish the requisite prejudice.

convicted of a 18 U.S.C. § 924(c) violation because no physical evidence existed to support a guilty verdict. Furthermore, Petitioner asserts that no gun was ever produced and that it was only the testimony of government witnesses that suggested that gun was in his possession. Petitioner also alleges that the case against him was based almost exclusively on hearsay and that the witnesses against him lacked any credibility whatsoever. In addition, Petitioner alleges that he should not have been convicted due to a lack of evidence placing him at the crime scene. Finally, Petitioner asserts that his case was a finger pointing case and that the government did not prove its case beyond a reasonable doubt.

Each of Petitioner's first four claims are attacks on the credibility of the witnesses with corollary attacks upon the strength of the evidence. The credibility of witnesses is within the sole province of the jury. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989); see also United States v. Mercer, 205 F. App'x 144 (4th Cir. 2006)(rejecting insufficiency of the evidence claim based upon alleged lack of credibility of witnesses). Further, the uncorroborated testimony of a single witness may be sufficient evidence of guilt, even if the witness is an accomplice, a co-defendant, or an informant. See United States v. Wilson, 115 F.3d 1185, 1189-90 (4th Cir. 1997). Because witness credibility and strength of the evidence are within the province of the jury, Petitioner's claims are dismissed.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

**A. Standard of Review**

Petitioner's contention that he received ineffective assistance of counsel is governed by the holding in Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a

petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1995). Petitioner bears the burden of proving Strickland prejudice. Fields, 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

Petitioner alleges that although his counsel is "very talented in his field" he did not believe in Petitioner's innocence and repeatedly tried to "sell" Petitioner on the idea of a plea. Petitioner also complains that his counsel did not cross-examine all of the government witnesses. In addition, Petitioner accuses his counsel of only "going through the motions" on his appeal. Finally, Petitioner asserts that his counsel discouraged him from filing a certiorari petition with the Supreme Court.

Petitioner's allegations are altogether too vague to support an ineffective assistance of counsel claim. Even taking as true Petitioner's allegation that his counsel tried to "sell him" on a plea deal such an allegation does not establish that his counsel was ineffective. Counsel is responsible for providing his opinion regarding the best course of action for a defendant. Here Petitioner's counsel may have thought a plea deal was Petitioner's best option. In any event, despite his counsel's advice Petitioner elected to go to trial.

Nor does the fact that Petitioner's counsel declined to cross-examine all government witnesses support a claim of ineffective assistance of counsel. Declining to cross a witness can

4

be a sound strategic choice and courts must be highly deferential to strategic choices made by trial counsel. See Strickland v. Washington, 466 U.S. 668, 689 (1984); see also United States v. Ortiz Oliveras, 717 F.2d 1, 3 (1st Cir. 1983)("[T]actical decisions, whether wise or unwise, successful or unsuccessful, cannot ordinarily form the basis of a claim of ineffective assistance" of counsel) . A vague allegation of failing to cross unidentified witnesses is wholly insufficient to establish a claim of ineffective assistance of counsel. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992)("a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.")

With regard to his appeal, Petitioner asserts that his counsel's representation of him was "lackluster" and that he merely "went through the motions." Petitioner asserts that his counsel failed to raise "more relevant points." Again, Petitioner's claim lacks any specifics whatsoever. To the extent Petitioner is asserting that his counsel should have raised the claims contained in his Motion to Vacate, he cannot establish that he was prejudiced. Ineffective assistance of counsel claims are most properly brought in collateral motions. Moreover, Petitioner's claims based upon the alleged lack of credibility of the witnesses and corresponding weakness of the evidence would not have succeeded for the same reasons set forth in this order.

Likewise, Petitioner's allegation that his counsel discouraged him from filing a certiorari petition does not establish that he was ineffective or that Petitioner was prejudiced. Significantly, Petitioner does not assert that he was unaware of his right to petition the Supreme Court. Nor does Petitioner state that despite his counsel's advice, he informed his counsel that he wished to file a certiorari petition. Moreover, Petitioner fails to cite to any grounds that would have

plausibly led the Supreme Court to grant his certiorari petition. Consequently, even if taken as true, Petitioner's allegations fail to provide this Court with a basis for concluding that his counsel was ineffective.

The Court notes that Petitioner also asserts that he was unable to fully fill out his Motion to Vacate because "he never received my transcripts from trial." First, such a claim does not state an ineffective assistance of counsel claim as no right to counsel exists for collateral matters. Nor does such a claim excuse Petitioner's lack of concrete claims in his Motion to Vacate. Interestingly, Petitioner does not assert that he requested the transcripts from his counsel or if he did, when. Rather, he merely states his counsel never sent the transcripts to him. Finally, and more significantly, Petitioner does not assert that he attempted to obtain his trial transcripts from the Court[2] or any other source.

## IV. **ADMISSION OF CO-DEFENDANT TESTIMONY**

Petitioner alleges that this Court erred when it allowed co-defendant testimony rebutting Petitioner's testimony. Petitioner alleges that because of this error he "was not given a fair trial and my defense was reduced to playing guessing games due to trickery." As Petitioner states in his Motion to Vacate, this claim was raised on appeal by Petitioner. The Fourth Circuit upheld this Court's admission of the co-defendant testimony. and denied this claim. See United States v. Carter, No. 05-5004 (4th Cir. Oct. 4 2006). The Fourth Circuit's ruling precludes this Court's review of Petitioner's claim. See Boechenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976)(issues fully litigated on direct appeal may not be relitigated in a subsequent § 2255 action).

---

[2] A review of the Court's records does not reveal any request by Petitioner for a copy of his trial transcripts.

Petitioner's claim on this basis is dismissed.

## CONCLUSION

The Court's initial review of the Petitioner's Motion to Vacate and the relevant record evidence conclusively shows that Petitioner is not entitled to any relief on his claims. Therefore, Rule 4(b) of the Rules Governing Section 2255 Proceedings requires this Court to <u>dismiss</u> the instant Motion to Vacate.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED**.

Signed: February 4, 2008

Graham C. Mullen
United States District Judge